Case No. 245798, Samantha Graf v. Morristown Hamblen Hospital Association, et al. Oral argument not to exceed 15 minutes per side. Ms. Collins, you may proceed for the appellants. Thank you. May it please the Court. Heather Collins on behalf of Appellant Samantha Graf. We're here today to request the Court remand this case for new trial due to the admission of highly prejudicial evidence that violated Federal Rule 412 regarding Ms. Graf's sexual behavior because it was not intrinsic to the retaliation claims that were heard by the jury. It's our position that the District Court's conclusions of law are subject to de novo review and the evidentiary issues in this case regarding 412 are subject to abuse of discretion because in this instance the admission of the evidence interfered with substantial justice. This was a case that was presented to a jury in the Eastern District of Tennessee on retaliation. Ms. Graf had gone to her HR department after going to the security company who employed the person who assaulted her and she told HR what happened. She told HR that she was raped at work. After that, HR took some time and then terminated her a few months later because of her report, because she came forward and made this report, which is the essence of what she should be able to do under Title VII. So I'm going to start with... That's not accurate, is it? Isn't the reason, at least the proffered reason, is that she had consensual sex on the premises and that was the reason given for her termination? You say she was terminated by filing the report, but that's contested, is it not? They actually gave different reasons for her termination. Did they actually say they terminated her for filing a report of sexual harassment? Well, yes. They said they questioned her choices and that was about her coming forward. They said that she was in a place where she should not have been. That was, again, about coming forward. They would not have known about any of that had she not come forward. Okay. Where in the record is it that you say they admitted they fired her for filing a report? I can't give you a direct cite to the record, but the HR director said that she needed to think about her choices and that she shouldn't have been there and that she had sex on paraphernalia. You're not answering my question, so it's not in the record? I believe it is in the record. I just can't give you a direct cite right now. But, again, going back to the two reasons why we're here, it's 412, is that the judge allowed information into the record pursuant to 412 that should not have been in there. It was unduly prejudicial. Do you admit it was relevant as to her good faith belief in filing the report? No. Why isn't it relevant as to that issue? Because when you're proving a retaliation claim, you do not have to prove the underlying claim of discrimination. But isn't that the first element of protected conduct, that the report has to be filed in good faith and reasonable? Isn't that the element of protected conduct? I think that that is in some jurisprudence that it says that she has to have good faith conduct. You don't concede that's an element of protected conduct? I concede that it is an element that she come forward and make a complaint. In good faith? Good faith is an issue that is disputed. Whether or not that the genesis of good faith is disputed, and I think this goes back to, frankly, the Supreme Court has spoken on this just two months ago, where they have criticized what they call judge-made doctrines in Ames v. Ohio, where they rejected a heightened evidentiary standard in Title VII cases, and that's exactly what that first so-called element is, where good faith has been infused in the first element of a retaliation claim. Are you okay with the jury instruction? You don't have a claim that the jury instructions were erroneous, do you, on appeal? You're not making a jury instruction argument, right? This is not a jury instruction argument. Okay, and the instruction said that you had to prove that her report of sexual harassment was based on a reasonable and good faith belief that she was sexually harassed by Thomas Ogle. So that's a good instruction, right? Yes. Okay, so if I am the employer and I think that there's not a good faith or reasonable belief because, let's say, you're making it up, how would I prove? I mean, am I not allowed to get in any evidence that would tend to show that what you're saying wasn't true? Not the type of evidence that they put in the record. Why not? Because it violated Rule of Evidence 412, which is exactly the type of evidence that we're talking about. From the very beginning at voir dire, the defense started off with talking about lifestyle choices and BDSM sexual behavior. A potential juror asked what BDSM even was. There were pictures of Ms. Graff in various states of undress that were shown to the jury and allowed to be taken back with them. In no way could that be viewed as not unduly prejudicial. What could the employer introduce into evidence to support their argument that it was not a reasonable good faith belief on the part of your client that she had been sexually assaulted? Well, other courts have limited the language so that it's not as harsh. I don't think the pictures should have gone back there. I was asking in a more positive way. What could the employer introduce to show that the person firing her believed that your client did not have a good faith belief that she was engaged in protected conduct by reporting the rape? Well, the HR person did not have pictures. The HR person did not have phone records, nor did they consider anything like that. The HR person did not consider any information whatsoever about the supposed lifestyle or BDSM. What did the HR person say was the reason for firing her? Well, the primary reason that she cited was that she was in an area that she shouldn't have been in, and she said, you need to think about your choices. And again, all of that came about because Ms. Graff came forward. I don't understand. Did your client testify that she was handcuffed? Could she testify to that during the encounter? Could she have said that, or that wouldn't have come in at all? Yes. He was a security guard, and that's why he had handcuffs. Okay, and she would testify that she was handcuffed. Yes. But they're not allowed to say anything about BDSM or anything related to that? The only thing that would have come in was, I was handcuffed? Correct. HR didn't consider BDSM.  Hang on. So are you saying that the only evidence the employer could have put in was evidence that they actually considered on reasonable and good-faith belief? Well, I think there are two reasonable good-faith beliefs that are being talked about, the employer's reasonable good-faith belief and Ms. Graff's good-faith belief. She came forward on her good-faith belief that she was raped. That is one thing. It is a completely separate issue. What evidence can the employer put in that she did not have a reasonable and good-faith belief? Well, pursuant to this court's ruling in Wasick v. Arrow Energy Services, to satisfy the reasonable good-faith belief, an unreasonable mistake of law is generally the problem. And the examples that they gave of that was where someone came forward and they said, my protected conduct was because I supported an affirmative action program. And it says, in other cases, there are not facts from which a plaintiff could have reasonably believed that a violation occurred. There are not facts. So those are the facts about what happened, right? And whether the plaintiff could have reasonably believed from those facts. So if the employer is saying, on these facts, you aren't telling the truth about whether it was consensual or not, aren't they allowed to get in evidence that would then prove that? Well, no. Not pursuant to 412. I don't believe so. Because if you do that, then you're holding a sexual harassment case in particular to a much higher standard, which again goes back to Ames, where the Supreme Court has rejected heightened evidentiary standards in Title VII cases. Because if you're doing that, then you're taking a sexual harassment person who comes forward and they say, I was sexually assaulted in the workplace. And you're holding them to a different standard than, say, a race case. They don't have to do that. What evidence can the employer put in that tends to show that you're not telling the truth about whether the harassment happened or not? What evidence can the employer use in a case like this one? I don't believe that the good faith belief, again, that is not in the text of Title VII. To make it incumbent on the employer to show that she's lying, because you're starting off from the standpoint that she is lying, instead of focusing on the employer conduct, which is what you're supposed to be focusing on in a retaliation claim. So if there was an email from your client to a friend of hers that said, by the way, I don't like this guy and I'm going to make up this story about harassment and I'm going to report him, and then she makes this false report, that email doesn't come into evidence? The employer can't prove that she's just making it up? No, that's not what I'm saying. Because the email doesn't violate Rule 412. Okay, so then I'm confused. What is the specific violation of 412? The district judge, I understand, limited the evidence of sexual activity to these two people, that he excluded all other evidence of her sexual behavior if it were not related to these two people. And I think that's consistent with 412, is it not? Well, first off, there was not a pattern of sexual behavior between the two. The only thing that happened was in the office that she says was rape. That's it. So I think that... I mean, can you answer my question? I mean, what's the specific violation of 412 when the district judge limited the evidence to only evidence between these two? The specific violation was that there was... the probative value did not outweigh the danger of harm to the victim and unfair prejudice to her. All right, so you're relying only on the balancing test. And actually, we get to the balancing test, the first question is relevancy. I think this is clearly relevant as to whether she's got a good faith belief, but you're hanging your hat on the balancing of the prejudice against its probative value. That's your whole argument, I guess. No. 412 also says the court may admit evidence of a victim's reputation only if the victim has placed it into controversy. She did not place it into controversy. But the district court did not, I don't think. Admit evidence as to a reputation. I think he limited all the evidence as to contacts or communications between the security guard and your client. Is that not correct? It was all about her reputation. Because when the entire trial was infused with all of these comments from the very beginning to the very end about BDS and lifestyle, there was no fair trial. It was over before it started. You may want to listen to my question. They all related to the two parties, did they not? The security guard and your client? Yes. Okay. That's all I needed to know. Thank you.  May it please the court, Jay Maeder on behalf of the defendant, Apple Lee, Morristown Hamblin Hospital Association. The core issue in this case, which may seem a little redundant to say, but it's still important, is what happened in that security office. That created an issue of fact that had to be decided by the jury. You're actually helping to prove their case, because I don't think that is the issue. The issue is whether she had a reasonable, good faith belief that it happened. Not whether or not the rape occurred. And whether technically it was a rape or not, if she reasonably believed that she was raped, then it's entitled to protective conduct. Isn't that correct? It is correct, Your Honor. Okay. So we focus, I think, not on whether there actually was a rape, but whether she had a good faith belief that there was a rape. And to decide that issue, I think you actually get into the specifics of what happened to see if somebody that goes through these events, could they still have a good faith belief that they were raped, whether or not legally a rape occurred. And I think that's their argument, is that this evidence kind of came in and the jury maybe didn't follow the instructions. I mean, the jury was instructed, I think accurately, and the verdict form says, has plaintiff proven by a preponderance of the evidence the defendant terminated her because of a reasonable, good faith complaint of sexual harassment. I mean, the court focused the jury on the right issue, but their argument is somehow they got lost in whether or not a rape actually occurred. So... Your Honor, I don't believe the jury got lost. And again, I guess when I opened with my issue there, I think it's the case law, the legal standard of the remaining claims that were left to be tried by the jury, which drove that fact-finding analysis. As Judge Varlin put in H.P. Peltzer, when there was a direct conflict of fact whether or not the underlying protected conduct even occurred, he said, this is not a job for the court to decide. This is for the jury to decide. So when there is a direct conflict regarding the underlying testimony of the report, you have to have any direct evidence and look at all the circumstantial evidence in order for the jury to make a call, just like the security company made a call, just like the HR person made a call, whether or not Ms. Graff had a good faith and reasonable belief that she was sexually harassed in violation of Title VII. And if this was a consensual encounter, she could not have had the good faith belief. Well, I disagree with that, because it could be found to be consensual, but she may have a good faith belief that it was not. See, I think there's a distinction between whether it happened or whether she reasonably believed it happened. That's all. But I think the district court recognized that distinction. I mean, he says that the plaintiff or the issue is not the proof of whether it actually happened, but whether she had a reasonable good faith belief that it did. Your Honor is exactly right. That was exactly what was charged to the jury. Yeah, and there's no objection to the jury instructions. There's... Anyway, she says it's really evidentiary. She says that the probative value of the evidence, the prejudicial effect outweighs the probative value. That's her argument. Your Honor, I would note the district court did everything right with respect to the 412. The hospital filed a 412 motion, submitted with the 412 motion, under seal the evidence it planned to use at the trial. The court conducted an in-camera hearing on the 412 motion, took a lot of the morning, went through the evidence very methodically. All parties were able to be heard in some detail over the issue. And then the judge promptly thereafter issued a 20-page memorandum opinion going through, first, the standard for retaliation and looking at the Sixth Circuit, the Fourth Circuit and the Eighth Circuit, as well as precedent in the Eastern District of Tennessee, to clearly state that part of Ms. Graff's burden is to prove that she had a good faith and reasonable belief that she was sexually harassed in violation of Title VII. After the court established that, it then looked at the specific evidence under the parameters of Rule 412. With respect to the communications and the photos and the videos between Ms. Graff and her alleged assaulter, the security guard, the court found this was not, doesn't fall within the ambit of Rule 412 because it was not other sexual behavior. Because it was... So does that mean that anything having to do with the individual involved, in this case the security guard and his relationship to the plaintiff, can be admitted under 412 because you're defining other as involving other people? Sure, that may be a bit broad, but in this case what was admitted was, you can use the word intrinsic from the committee comments, or you could say inseparable from the relationship and the encounter. So it was key. But isn't that, isn't there a potential real danger here in that the situation, I'm now going to talk hypothetically, the situation of date rape, for instance. You could have someone who has an ongoing relationship with another person and have done various things in the past, but then on a particular day, the situation evolves to an actual rape. And should you, and then people go on to have relationships continuing. Isn't there a danger of allowing all that evidence from before and after to come in that would potentially, I'm going to make an argumentative statement, infect the decision as to whether there was a rape on that particular day in question? That's not what happened here, Your Honor. I understand what you're saying. I said I was giving you a hypo, and so I'm just trying to figure out how 412 would interact in my hypo. To me, 412, you'd have to examine each piece of evidence or each category of evidence to determine whether or not it was other sexual conduct or covered by Rule 412. Yeah, so the hypo is it's the same person involved, but it's a continuum of days. So how do you decide whether it's other sexual conduct? You can give me the exact wording of 412, but is it other sexual conduct? Is that what the wording is in 412? Yes, Your Honor. Okay. Well, I would say does it show the nature of their relationship before or after such that they feel comfortable with one another that they can share these things? For example, I think it was Kesterson v. Ricardi. There's a recent opinion from this court, well, maybe perhaps not recently, where Professor Kesterson sued a colleague after they, no, he had a counterclaim in relation to a sexual harassment dispute, if I remember the facts correctly. And in that case, he put into evidence that Ms. Ricardi or Professor Ricardi told him about her past relationships and I believe sexual history in respect to that. On appeal, they objected that that should not have come in. But this court ruled, well, first, she didn't object. Second, that demonstrated the type of relationship that these two people had with each other that they felt comfortable enough, and certainly Professor Ricardi felt comfortable enough, sharing her prior history with Mr. Kesterson, Professor Kesterson. So, again, I think it would have to be a close analysis. And, Your Honor, in this case, the district court, very cautious in what it did. You can read the opinion, as I'm sure you have, that under the abuse of discretion standard, you have to demonstrate that the district court misunderstood the law, which would be the federal rules of evidence, relied on a clearly erroneous factual finding, or made a clear error of judgment. It's clear that the district court demonstrated its clear knowledge of the federal rules of evidence, particularly 412, the citations therein, as well as the court's reasoning and analysis. The error of law would be something that would come from what you're allowed to show, or what the plaintiff has to show with respect to reasonable and good faith belief, right? It seems like the 412 analysis is just driven by what of the, if it's consensual. My understanding is, hey, this is consensual, therefore you couldn't have had a reasonable or good faith belief that it was harassment, because it was consensual, right? But that's requiring the plaintiff, isn't it, to prove the underlying harassment, which is what we've said you're not supposed to do in this analysis. And I'm not saying that if it's consensual, it's not relevant, because that would then go to what your true motive was, I guess. It would come in later down the analysis, right? Like you weren't fired because you made a complaint. You were fired because you had consensual sex on the job. So something would come in later, and that would be her point, that, well, at that point then we would just measure what the employer knew at the time they fired you, right? So the question is, what comes in on this reasonable and good faith on the consent? So that's just driven by whether that's an issue, right? I think that's an underlying issue, what Your Honor, Judge Griffin stated. It is an underlying issue, but there has to be some proof, and the defendant's allowed an opportunity to present proof, that she could not have had a good faith, reasonable belief. That's your burden. I don't think there's any argument that the burden was placed on the plaintiff, is there? Not to my knowledge, Your Honor. I mean, there is no argument there. I mean, I think somehow the burden somehow got a little blurred because the burden is on the defendant as a proponent of the evidence under Rule 12 to prove why it's admissible. But other than that, the burden remained on the plaintiff throughout the entire case. And again, the evidence is also relevant to her other remaining claim, which was negligent infliction of emotional distress. She had to show that the hospital had a duty, and if she engaged in a consensual sexual relationship, the hospital has no duty with respect to what its employees do in their private lives. And it also went to damages. She had to demonstrate she suffered a severe or serious mental injury. And again, I think the district court was very careful and judicious in its opinion, analyzed each piece of evidence, and stated its reason why. And the district court also noted that even if this was other sexual conduct, it still was so probative that its admission substantially outweighed the risk of harm or unfair prejudice to the plaintiff. And when we think of the reasoning for that, Mr. Ogle and Ms. Graff exchanged 2,864 text messages between each other from June to August 24th. In those text messages were these photos and the videos. They both deleted them except for the photo. She retained a photo of Mr. Ogle. He retained the photos and videos that she sent. When we subpoenaed the carriers, if they're after five days, you can't get the content. All we could get was a log showing the dates and times and the frequency of these text messages. And so without the text messages, the written word that would show clearly what their relationship was, Ms. Graff was able to come in and testify as to what she was saying in there. Mr. Ogle was able to testify. But those photographs, those were the only documentary evidence of the nature of their relationship, which went directly to whether she could have had a reasonable and good faith belief. So just to give another hypo, in the sexual harassment context without rape, let's assume that a plaintiff believes that she was sexually harassed by her boss. And so she files a complaint with HR. And HR says, no, we don't find that there was sexual harassment, and therefore we are going to fire you because you made an invalid complaint. Would everything having to do with the relationship between the complainant and the boss that she says was harassing her be able to come in into evidence? So we're wholly apart from rape. It's just sexual harassment. If it was relevant to their relationship and it didn't run afoul of Rule 412. Yeah, I'm hypothesizing that 412 doesn't come in at all. But what does she have to prove in order to win her case that she was fired because she made a claim that she had a good faith belief that she was sexually harassed? Your Honor, in my view, she'd have to prove the jury charge number one. Has plaintiff proven by a preponderance of the evidence that defendant terminated her because of a reasonable good faith complaint of sexual harassment? So all she has to prove, then, is that she did have a good faith belief that she was sexually harassed. Not that she actually was sexually harassed, but that she had a good faith belief that she was sexually harassed. Yes, but she has to substantiate that with the evidence. And in this case, the testimony is in direct conflict, Your Honor. I apologize for speaking over you. No, I was speaking over you as well. So she has to show that she truly had a good faith belief that she was sexually harassed in my hypo. And so if the evidence, perhaps, on sexual harassment is in equipoise, she could have a good faith belief she was sexually harassed, even if there's some evidence it wasn't harassment. You know, hypothetically, you have a boss who keeps commenting on the female's body aspects. And she, the employee, thinks this is sexual harassment. But it turns out that the boss comments on everybody's body aspects. This is just an uncouth boss. So maybe it wasn't sexual harassment, it was just harassment that he does of every employee. But she could still win, right? Because she had a good faith belief in my hypo that she was sexually harassed. I guess I'd need to know what the other evidence was to answer your question. No other evidence than what I've given you. I'm sorry, I don't have enough facts to answer your question, honestly. Okay. Thank you. And so for those reasons, we'd ask that the court respectfully affirm the decision of the jury and the verdict in favor of the hospital. Thank you for hearing us today. Judge, to address your hypothetical, I think that that would be enough. And I think that that's what the Sixth Circuit, what this court teased out somewhat in Wasick versus Arrow Energy Services, in that they drew a distinction. They looked at what happened. The complainant came forward and said, my boss touched me and he's made these comments. That is enough because that was actual, those allegations were an actual violation of Title VII. And so you really stop there. The Sixth Circuit went on to say where the good faith belief standard comes about is where there's an unreasonable mistake of law, where that's the problem. And they used the examples from other cases where one person came forward in support of an affirmative action program, I believe that was Johnson versus the University of Cincinnati, and Booker versus Williamson, where one person came forward with a complaint of ethnoism. And so they looked at whether or not that could be a good faith belief when there are these two things that happened in those two cases that really were head scratching moments versus what happened in Wasick where the plaintiff said, my boss has been touching me and he gave multiple examples of the comments that his boss made. That is an actual violation of Title VII. That's where it ends. And so you really don't need to get in this analysis of the plaintiff's good faith belief when it's a more vague complaint and an unreasonable mistake of law. So in the earlier discussions involving this oral argument, the question was raised about the actual jury instructions here. Would you agree that the jury instructions were correct? I believe the jury instructions were accurate. Obviously, in hindsight, being 2020, I don't think they were applicable. But you didn't object to the jury instructions? The court had already made its ruling about good faith belief and made it very clear that that is what was going to be in it from the 412 hearing. And so no, this appeal is not about the jury instructions. It's about in the very first instance where the case went off the rails as a result of the 412 hearing where all of the highly prejudicial evidence came into play because what the jury heard was not what HR knew. HR didn't know anything about BDSM. HR didn't know anything about pitchers. They didn't see any of that. The jury should have been given a case based on what HR saw, and that's not what this jury was given. The jury was given highly inflammatory prejudicial information that there was simply no way that they could have made a fair decision after they received that information. Your red light is on, so. I'm sorry. Thank you very much. We ask the court to remand the case for a new trial. Thank you both for your arguments. The case will be submitted.